**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FREDERICK BANKS,** | : | **CIVIL ACTION NO. 1:14-CV-0955** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **AWA ROBERT CESSAN,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 11th day of June, 2014, upon preliminary consideration of

plaintiff's Bivens[1] complaint,[2] in which plaintiff alleges that the named defendants

entered into a civil conspiracy to prevent him from litigating a mortgage foreclosure

matter in Pennsylvania, (Doc. 1 at 2), and it appearing that he seeks to proceed *in*

*forma pauperis* (Docs. 2-3), pursuant to 28 U.S.C. § 1915, and it further appearing

---

[1] Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courses to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

[2] Although styled as a "complaint for a writ of mandamus," it is clear that plaintiff is attempting to initiate a civil action. (See Doc. 1 at 1). The Third Circuit Court of Appeals has ruled that mandamus petitions are not civil actions or appeals subject to the requirements of the Prison Litigation Reform Act ("PLRA"). *In re* Steele, 251 F. App'x 772, 773 (3d Cir. 2007) (not published) (citing Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996)). However, a "litigant should not be able to evade the PLRA by masking as a mandamus petition a paper otherwise subject to the Act." Madden, 102 F.3d at 78. Accordingly, if a prisoner files a "mandamus petition" that actually would initiate an appeal or a civil action, the PLRA applies. *In re* Steele, 251 F. App'x at 773.

that the "three strikes" provision of the Prison Litigation Reform Act of 1996

("PLRA"), codified at 28 U.S.C. § 1915, prohibits plaintiff from proceeding *in forma*

*pauperis* because he has had at least three prior civil actions dismissed as frivolous,

malicious, or for failure to state a claim for which relief may be granted,[3] and that

there is no indiction that plaintiff "is under imminent serious physical injury," 28

U.S.C. § 1915(g) (setting forth three strikes rule which provides that an inmate who

has three prior actions or appeals dismissed as frivolous, malicious, or for failing to

state a viable claim may not proceed *in forma pauperis* "unless the prisoner is under

imminent danger of serious physical injury"); see also Abdul-Akbar v. McKelvie,

239 F.3d 307, 312 (3d Cir. 2001) (*en banc*), and that as a direct result of the repetitive

nature and sheer volume of civil actions plaintiff has filed,[4] both the district court

---

[3] The court previously has taken judicial notice of the following actions filed by plaintiff that were dismissed as legally frivolous: Banks v. Pittsburgh Tribune Rev., No. 2:07-CV-00336 (W.D. Pa. May 4, 2007) (Lancaster, J.); Banks v. Dove, No. 1:06-CV-02289 (M.D. Pa. Jan. 16, 2007) (Conner, C.J.); Banks v. Hayward, No. 2:06-CV-01572 (W.D. Pa. Jan. 10, 2007) (Lancaster, J.); and Banks v. Hayward, No. 2:06-CV-00509 (W.D.Pa. May 30, 2006) (Lancaster, J.). See Banks v. Crockett, No. 1:07-CV-1019, 2007 WL 1655504, at * 2 (M.D. Pa. June 7, 2007) (Conner, CJ.).

[4] The following comprehensive recitation was set forth in a report and recommendation of United States Magistrate Judge Amy Reynolds Hay, which was adopted by the Honorable Gary L. Lancaster, United States District Court for the Western District of Pennsylvania:

Since February 3, 2005, Plaintiff has filed or participated as a party plaintiff or intervenor in approximately 45 civil actions in the federal District Courts. Since January 20, 2005, Plaintiff has filed or participated in roughly 31 bankruptcy cases. Since March 9, 2005, Plaintiff has filed or participated in approximately sixty cases in the federal Courts of Appeals. As a consequence of his litigation activities, Plaintiff has accumulated many more than three strikes. See, e.g., Banks v. U.S.

for the Western District of Pennsylvania and this court have determined that

plaintiff has abused the *in forma pauperis* privilege and, therefore, have restricted

<div style="border-top: 1px solid black; width: 30%;"></div>

> Marshal, 274 F. App'x. 631 (10th Cir. 2008) (assessing four strikes); <u>Banks v. Vio Software</u>, 275 F. App'x. 800 (10th Cir. 2008)(assessing two strikes) (available on PACER); <u>Banks v. PNC Bank</u>, No. C06-1109JLR, 2007 WL 2363064, at *1 n. 2 (W.D. Wash. Aug.14, 2007) (counting three strikes against Plaintiff based upon two suits filed in the Western District and one suit filed in the Middle District of Pennsylvania); <u>See also</u> <u>Banks v. Williams</u>, No. 5:07-CV-226, 2008 WL 544946, (S.D. Miss. Feb. 21, 2008) (denying Plaintiff IFP status because he has at least three strikes). Given his litigiousness, it is not surprising that Plaintiff sometimes files duplicative or repetitious lawsuits.

<u>Banks v. County of Allegheny</u>, 568 F. Supp. 2d 579, 586 n.1 (W.D. Pa. 2008).

Thereafter, in October, 2013, Chief United States Magistrate Judge Lisa Pupo Lenihan noted in a report and recommendation, which was subsequently adopted by United States District Judge Nora Barry Fischer, that between November 2004 and July 2013, Banks filed approximately 304 civil actions, 108 of which were filed in the courts of the Third Circuit. The 108 cases were broken down as follows:

> Of the 108 cases filed by Banks . . . 62 involved complaints for alleged violations of various civil and/or constitutional rights, petitions for writ of mandamus, and Qui Tam/False Claims Act claims. Of these 62 cases, more than half were dismissed or closed prior to service of the complaint: Fourteen (14) of Plaintiff's complaints were dismissed under 28 U.S.C. § 1915(e)(2)(B) as frivolous, malicious, or for failing to state a claim; in fifteen (15) cases, Banks' attempts to proceed *in forma pauperis* were barred by the "three strike" provision of 28 U.S.C. 1915(g), because Banks filed three or more of lawsuits while he was incarcerated which were dismissed as frivolous, malicious or for failure to state a claim; five (5) cases were administratively closed for failing to file the required IFP documents; and two (2) cases were dismissed under 28 U.S.C. § 1915A(b)(1). Another seventeen (17) cases were transferred to other district courts outside the Third Circuit.

<u>Banks v. Unknown Named Number of U.S. Postal Inspectors, *et al.*</u>, No. 2:13-cv-1198, 2013 WL 5945786, at *4 (W.D. Pa. Nov. 6, 2013).

his ability to file future civil actions,[5] except habeas corpus petitions, without a

statement certifying: "(1) that the claims he wishes to present are new claims never

before raised and disposed of on the merits by any federal court, (2) that he believes

the facts alleged in his complaint to be true, and (3) that he knows of no reason to

believe his claims are foreclosed by controlling law," Banks v. Director, Central

Intelligence Agency, et al., No. 1:13-cv-3083, Doc. 5 (M.D. Pa. Jan. 15, 2014); see

Banks, 2013 WL 5945786, at *1 (similar Western District restrictions), and that it is

evident that the restrictions thus far placed on plaintiff have not deterred his filing

of frivolous matters or prevented him from filing civil actions without regard to

merits, jurisdiction, or venue, and that it is obvious that plaintiff is using this court

as a springboard for any and all of his litigation activities,[6] and that given the

---

[5] The All Writs Act ("Act") states that "[t]he Supreme Court . . . may issue all
writs necessary or appropriate in aid of their respective jurisdictions and agreeable
to the usages and principles of law." 28 U.S.C. 1651(a). It is well established that
the Act "authorizes district courts to, among other things, restrict the access to
federal courts of parties who repeatedly file frivolous litigation." Mallon v. Padova,
806 F. Supp. 1189, 1192 (E.D. Pa. 1992) (citing Abdul-Akbar, 901 F.2d at 332); Banks,
2013 WL 5945786, at *4 (same). In relying on Abdul-Akbar, the district court for the
Western District of Pennsylvania concluded that "Banks' history and continued
filing of complaints that are repetitive, frivolous, malicious, and/or fail to state a
claim upon which relief may be granted, thus warrant some restraint on his ability
to proceed in this District." Banks, 2013 WL 5945786, at *4.

[6] Between August 2013 and January 15, 2014, in this district alone, plaintiff
filed thirty-five civil actions. Ten cases were transferred to other districts, one was
dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and twenty-three
were dismissed pursuant to the three strikes rule. Since the court issued the order
restricting plaintiff's ability to proceed in forma pauperis on January 15, 2014, he
has filed fifteen new cases, including the instant action. In eight of those cases, he
alleged that a person other than himself was entrapped by confidential informants
and that fabricated evidence was introduced during his criminal trial. Because

burden that plaintiff is placing on the court's resources, it is apparent that a

stronger sanction is both warranted and necessary,[7] and further that, in light of

these considerations, the court issued a show cause order (Doc. 8) on May 28, 2014,

noticing plaintiff of the court's intent to enjoin him, for a period of one year, from

proceeding *in forma pauperis* in this action and any future matter filed in this

---

none of the trials he sought to challenge took place in this district, the cases were promptly transferred to the appropriate venue. Another case was dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), and another for lack of jurisdiction. Finally, four cases were stricken for failure to comply with the court's January 15, 2014 order requiring that each new filing be accompanied by the above-referenced certification. In addition, plaintiff filed motions for reconsideration and appeals in most of these cases, resulting in further strain on judicial resources at this level of review and the appellate level.

[7] Behavior of this character cannot be tolerated. The judicial authority to curb it is ample. See, e.g., *In re* Anderson, 511 U.S. 364 (1994) (*per curiam*) (denying request to proceed *in forma pauperis* and directing clerk not to accept any further petitions for extraordinary writs when petitioner had filed 22 separate, frivolous petitions with the Court in a period of three years); *In re* Sassower, 510 U.S. 4 (1993) (*per curiam*) (same, involving 21 frivolous petitions); Sassower v. Am. Bar Assoc., 33 F.3d 733 (7th Cir. 1994) (*per curiam*) (affirming injunction and directing the district court to require *pro se* plaintiff to post bond in any case surviving the injunction's screening requirements); see also Perry v. Pogemiller, 16 F.3d 138, 140 (7th Cir. 1993) (affirming district court imposition of sanctions pursuant to Federal Rule of Civil Procedure 37(b), and imposing additional sanction pursuant to Federal Rule of Appellate Procedure 38, when plaintiff "persist[ed] in a hopeless cause long after it should have been clear to him, as a reasonable person, that his position was groundless"); Martin–Trigona v. Sassower, 9 F.3d 226, 228 (2d Cir. 1993) (approving district court requirement that prolific filer plaintiff obtain leave of court before any paper is filed); Gelabert v. Lynaugh, 894 F.2d 746, 748 (5th Cir. 1990) (*per curiam*) (imposing financial sanction against "recreational litigator" and prohibiting clerk from filing any additional documents until sanction is satisfied). However, because "[a]ccess to the courts is a fundamental tenet of our judicial system," *In re* Oliver, 682 F.2d 443, 446 (3d Cir. 1982), the Supreme Court cautions that any sanction imposed by a federal court for the abuse of its processes must be tailored to the abuse. *In re* Anderson, 511 U.S. at 365; *In re* Sassower, 510 U.S. at 5.

district, except petitions for writs of habeas corpus and cases over which the court

arguably has subject matter jurisdiction in matters implicating the imminent

danger exception to the three strikes rule,[8] and affording plaintiff an opportunity to

show cause why said injunction should not issue, and the court observing that

plaintiff has exercised this opportunity, but that his responsive filing (Doc. 9) fails

to set forth a meaningful or compelling opposition to the proposed injunction, and

thus concluding that said injunction is appropriate and necessary, and serves the

dual interests of promoting justice and conserving judicial resources, and will allow

the court to devote its limited resources to the claims of those who have not abused

its process, _In re_ Sassower, 510 U.S. at 5-6, and that the same is narrowly tailored to

discourage and ultimately prevent the future filing of frivolous matters in this court,

see id., it is hereby ORDERED that:

1.   Plaintiff's complaint (Doc. 1) is DISMISSED without prejudice
     pursuant to 28 U.S.C. § 1915(g).

2.   The Clerk of Court is directed to CLOSE this case.

---

[8] The Third Circuit has explained that "[i]f the circumstances warrant the imposition of an injunction, the District Court _must_ give notice to the litigant to show cause why the proposed injunction relief should not issue."  Brow v. Farrelly, 994 F.3d 1027, 1038 (3d Cir. 1993) (citation omitted, emphasis added).  See also _In re_ Oliver, 682 F.2d at 446.

3.    Plaintiff is hereby **ENJOINED** for a period of one (1) year from proceeding *in forma pauperis* in this court as to this matter and all future civil actions, except petitions for writ of habeas corpus and cases over which the court arguably has subject matter jurisdiction implicating the imminent danger exception to the three strikes rule.

4.    The Clerk of Court is directed to **REJECT** any future civil action or filing received from plaintiff, except petitions for writ of habeas corpus and cases over which the federal court arguably has subject matter jurisdiction implicating the imminent danger exception to the three strikes rule that is not accompanied by the requisite statutory filing fee, and to **NOTIFY** plaintiff of the rejection.

5.    Plaintiff is admonished that failure to comply with the injunction issued herein may result in contempt proceedings or the imposition of appropriate sanctions.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania